# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

CARLOS FERRO,

        Plaintiff,

v.                                                              Case No. 6:21-cv-230-JRK

KILOLO KIJAKAZI,[1] Acting
Commissioner of Social Security,

        Defendant.
_____/

## **OPINION AND ORDER**[2]

### I.   Status

Carlos Ferro ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of "depression," "anxiety," "bipolar disease," "Brugada syndrome,"[3] "sleep apnea," and an "unknown spot

---

[1]       Kilolo Kijakazi is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]       The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 23), filed August 9, 2021; Order (Doc. No. 31), entered January 20, 2022.

[3]       Brugada syndrome "is a rare but potentially life-threatening heart

(Continued...)

on [his] lung." Transcript of Administrative Proceedings (Doc. No. 24; "Tr." or "administrative transcript"), filed August 9, 2021, at 67, 84, 103, 123, 290.

On November 5, 2018, Plaintiff protectively filed applications for DIB and SSI, alleging a disability onset date of October 13, 2017.[4] Tr. at 275-76 (DIB), 269-74 (SSI). The applications were denied initially, Tr. at 66-81, 100, 165-67, 168 (DIB); Tr. at 83-99, 101, 169, 170-72 (SSI), and upon reconsideration, Tr. at 102-21, 142, 178, 179-83 (DIB)[5]; Tr. at 122-41, 143, 192, 195-200 (SSI)[6].

On July 2, 2020, an Administrative Law Judge ("ALJ") held a hearing, during which he heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE").[7] See Tr. at 16-44. At the time of the hearing, Plaintiff was forty-eight (48) years old. Tr. at 22. On July 20, 2020, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr.

---

rhythm condition (arrhythmia) that is sometimes inherited." Mayo Clinic, Brugada syndrome, located at https://www.mayoclinic.org/diseases-conditions/brugada-syndrome/symptoms-causes/syc-20370489 (last visited July 7, 2022).

[4] The DIB application was actually completed on November 6, 2018. See Tr. at 275. The SSI application was actually completed on January 14, 2019. Tr. at 269. The protective filing date for both applications is listed in the administrative transcript as November 5, 2018. See, e.g., Tr. at 67, 84, 103, 123.

[5] Duplicates of some of these documents appear in the administrative transcript and are not cited.

[6] Duplicates of some of these documents appear in the administrative transcript and are not cited.

[7] Plaintiff consented to a telephonic hearing because of the extraordinary circumstances presented by the early stages of the COVID-19 pandemic. See Tr. at 19.

at 147-58.[8]

Thereafter, Plaintiff requested review of the Decision by the Appeals Council. Tr. at 4-5 (Appeals Council exhibit list and order), 9, 265-68 (request for review and cover letter). On December 14, 2020, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, making the ALJ's Decision the final decision of the Commissioner. On February 3, 2021, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues the ALJ erred in weighing "the medical opinions of record" due to lack of "adequate rationale and substantial evidence" in determining ultimately that Plaintiff has the residual functional capacity ("RFC") for light work. Joint Memorandum (Doc. No. 30; "Joint Memo"), filed January 7, 2022, at 17. Although Plaintiff references "medical opinions" in his statement of the issues, he substantively only challenges the ALJ's handling of one opinion: that of Marilyn Dellagloria, ARNP. See Joint Memo at 17-24. After a thorough review of the entire record and consideration of the parties' arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

---

[8] The administrative transcript also contains an ALJ decision dated October 12, 2017 that adjudicated earlier-filed DIB and SSI claims. See Tr. at 51-60. The October 2017 ALJ decision is not at issue here.

3

## II. The ALJ's Decision

When determining whether an individual is disabled,[9] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 149-58. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since October 13, 2017, the alleged onset date." Tr. at 149 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe combination of impairments: Brugada syndrome,

---

[9] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

4

hypertension, sleep apnea, lung nodules, esophagitis, affective disorders, anxiety disorder, panic disorder, and residual schizophrenia." Tr. at 149 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 150 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following RFC:

> [Plaintiff can] perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) except he can only occasionally climb ramps or stairs, and is precluded from climbing ladders, ropes, or scaffolds. [Plaintiff] can engage in occasional balancing, kneeling, crouching, and crawling, as well as frequent, but not constant, stooping. He is required to avoid concentrated exposure to temperature extremes and environmental irritants, and all work related exposure to unprotected heights and hazardous machinery. [Plaintiff] is limited to performing simple, routine, and repetitive tasks, in a work environment free of fast paced production requirements, one that involves only simple work related decisions, with few, if any changes in the workplace, no required interpersonal interaction with members of the general public, and no more than occasional interpersonal interaction with co-workers and supervisors.

Tr. at 152-53 (emphasis omitted).

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "is unable to perform any past relevant work" as an "over the road truck driver," a "security guard," a "food service manager," and a "construction worker." Tr. at 156 (some emphasis and citation omitted). The ALJ then proceeded to the fifth and final step of the sequential inquiry. Tr. at 157-58.

5

After considering Plaintiff's age ("45 years old . . . on the alleged disability onset date"), education ("limited education"), work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 157 (some emphasis and citation omitted), such as "Price marker," "Small products assembler," and "Routing clerk," Tr. at 158. The ALJ concluded Plaintiff "has not been under a disability . . . from October 13, 2017, through the date of th[e D]ecision." Tr. at 158 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec.,

959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Ms. Dellagloria (together with other professionals at her employer, "Impower") provided psychiatric care to Plaintiff during the relevant time period. See Tr. at 678-713, 819-922, 1350-81. On November 2, 2018, Ms. Dellagloria completed a "Medical Opinion re: Ability to do Work-Related Activities (Mental)." Tr. at 768-69 (some capitalization omitted). Ms. Dellagloria opined Plaintiff's symptoms had been present from September 12, 2016 through the date of her opinion.[10] Tr. at 768. Regarding unskilled work, Ms. Dellagloria checked that Plaintiff was "seriously limited" in five areas of mental functioning; was "unable to meet competitive standards" in four areas; and had

---

[10] It appears Ms. Dellagloria initially left blank the portion asking about how long the symptoms have been present. She filled in "9/12/16," initialed, and dated that portion on "12/17/19." Tr. at 768.

7

"no useful ability to function" in six areas. Tr. at 768 (some capitalization omitted). Regarding semiskilled and skilled work, Ms. Dellagloria checked that Plaintiff was "unable to meet competitive standards" in one area and had "no useful ability to function" in three areas. Tr. at 769 (some capitalization omitted). Regarding "particular types of jobs," Ms. Dellagloria checked that Plaintiff was "seriously limited" in one area, "unable to meet competitive standards" in one area, and had "no useful ability to function" in three areas. Tr. at 769 (some capitalization omitted).

Ms. Dellagloria explained that Plaintiff has "depression and anxiety daily." Tr. at 769. Plaintiff also has a "[l]abile mood" that "includes crying episodes, angry outbursts, sleep disorder, low energy affect[ing his] ability to be on a schedule, concentrate." Tr. at 769. Finally, Plaintiff suffers from "[a]goraphobia" that "limits [his] ability to go places without being accompanied by someone." Tr. at 769. Ms. Dellagloria further explained that Plaintiff's "medication to treat his symptoms is very limited due to presence of Brugada syndrome, with many effective medications being contradicted." Tr. at 769. Ms. Dellagloria opined Plaintiff would be absent from work more than four days per month, Tr. at 769, which, if accepted, would preclude all work.

Later, on June 18, 2020, Ms. Dellagloria opined that Plaintiff had not improved and was still limited in his psychiatric care by Brugada syndrome. Tr. at 1398.

Plaintiff argues the ALJ erred in finding Ms. Dellagloria's opinion to be "not persuasive." Joint Memo at 17-24; see Tr. at 156. Plaintiff contends the ALJ failed to "evaluate the relevancy of the objective medical evidence and supporting explanations provided by [Ms.] Dellagloria." Joint Memo at 19; see id. at 20-21. Plaintiff also asserts the ALJ failed to consider the length of treatment, frequency of examinations, and specialty of Ms. Dellagloria. Id. at 23. Finally, Plaintiff argues the ALJ failed to consider that "Plaintiff's condition fluctuates day to day." Id. at 23-24. Responding, Defendant contends the ALJ properly evaluated Ms. Dellagloria's opinion under the controlling revised Regulations. Id. at 32-34.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using

9

other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. § 404.1513(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources" to include licensed physician assistants for the impairments within his or her licensed scope of practice). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . , including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a). The following factors are relevant in an ALJ's consideration of a medical opinion: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. § 404.1520c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. § 404.1520c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must]

10

articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. § 404.1520c(b)(3).[11]

"Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior precedents applying the treating-physician rule." Harner v. Soc. Sec. Admin., Comm'r, ___ F.4th ___, 2022 WL 2298528, at *2 (11th Cir. June 27, 2022).[12] Here, Plaintiff filed his DIB and SSI applications after the effective date of section 404.1520c, so the undersigned applies the revised rules and Regulations.

Here, the ALJ found Ms. Dellagloria's opinion to be "not persuasive" and "inconsistent with the objective findings reported by this same source in contemporaneously prepared examination records . . . and with the findings reported by virtually all other treating, examining, and reviewing psychological

---

[11] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. § 404.1520c(b)(1).

[12] To the extent Plaintiff argues the Court should apply the treating physician rule adopted by prior Eleventh Circuit precedent, the argument is now foreclosed by Harner (which was decided after the parties filed their Joint Memo).

11

sources."[13] Tr. at 156 (citations omitted).[14] As support for the finding that Ms. Dellagloria's opinion is inconsistent with her own exam records, the ALJ cited "the examination re[cord] nearest in time to the . . . form [opinion]." Tr. at 156 (citing Exhibit B11F at pages 93-95). This record, dated October 15, 2018, describes Plaintiff as "stable," Tr. at 909, and documents relatively benign findings, Tr. at 905-09. Plaintiff challenges the ALJ's reliance on only this snapshot in time, but the ALJ did not rely on this to the exclusion of the other psychiatric evidence. The ALJ referenced that other treating, examining, and reviewing sources did not report the significant limitations Ms. Dellagloria did, Tr. at 156, and the ALJ discussed those in detail in the Decision, Tr. at 151-52, 154-56. The ALJ further recognized that Plaintiff "has several psychological impairments" and had "a single short-lived Baker act admission, infrequent allegations of hallucinations, and complaints of anxiety, depression, and irritability." Tr. at 154. The ALJ found, however, that the "treating and examining source notes regularly report that he has normal concentration and

---

[13] The ALJ did not refer to Ms. Dellagloria by name, instead referring to Plaintiff's "treating nurse practitioner" and citing Exhibit B8F. Tr. at 156. This exhibit contains Ms. Dellagloria's opinion. The ALJ also recognized her April 2020 opinion that the condition had not improved. Tr. at 156 n.1 (citing Exhibit B26F).

[14] The ALJ further found that "form reports, in which a source's only obligation is to fill in a blank or check off a box, are entitled to little weight in the adjudicative process." Tr. at 156 (citations omitted).  Because the Court finds the ALJ's substantive reasoning to be supported by substantial evidence, it need not determine whether Ms. Dellagloria's opinion was indeed a true checklist style form and whether it is entitled to little weight as a result.

insight, is oriented in all spheres and cooperative, has good or fair judgment, exhibits goal-directed thought processes, and is improved on prescribed medication." Tr. at 154 (citations omitted). In sum, the ALJ's decision to find Ms. Dellagloria's opinion "not persuasive" is supported by substantial evidence.

## V.   Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence. Based on the foregoing, it is

**ORDERED**:

1.   The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as well as § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2.   The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on July 7, 2022.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record